# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

LAKESIDE EMS, LLC, An Illinois Limited )
Liability Company, )
           )
       Plaintiff, )
           )
vs. )   Case No.: 18-cv-01853
           )
COUNTY OF EFFINGHAM, ILLINOIS )
and JAMES NIEMANN, )
           )
       Defendant. )   **JURY TRIAL DEMANDED**
           )

## COMPLAINT

COMES NOW, Lakeside EMS, LLC ("Lakeside"), by and through its attorneys, Rathje Woodward LLC, and for its Complaint against The County of Effingham and James Niemann (collectively "Defendants"), states and alleges as follows:

## SUMMARY

1.     This is an action arising out of the Defendants' enforcement of an ordinance purporting to regulate intra facility ambulance transfers. Defendants have no legitimate, non-discriminatory, non-arbitrary purpose for enforcing the ordinance. Instead, the ordinance serves only as a mechanism by which Defendant James Niemann can ensure fruitful employment for his family members.

2.     The Defendants' discriminatory enforcement of the ordinance has caused significant harm to Lakeside's ambulance business and poses a risk to hospital patients in and around south-central Illinois. Accordingly, Lakeside brings this action seeking redress under 42 U.S.C. § 1983.

## PARTIES

3.      Lakeside EMS, LLC, is an Illinois Limited Liability Corporation, duly licensed by the Illinois Department of Health to provide ambulance services.

4.      The County of Effingham ("Effingham" or the "County") is an Illinois County governed by the Illinois Counties Code.

5.      James Niemann ("Niemann") is the Chairman of the Effingham County Board, and he resides in Effingham, Illinois.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all Defendants reside in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL BACKGROUND

### The Need For Ambulance Services

8.      Lakeside is an ambulance service provider duly licensed by the Illinois Department of Public Health.

9.      Inter facility transfers often occur where a particular hospital does not have the necessary equipment, facilities, or staff to treat a particular patient. Accordingly, inter facility transfers are often time-sensitive.

10.      Over the past several weeks, Lakeside has received numerous dispatch requests showing that there is insufficient capacity to meet the demand for inter facility transfers into and out of Effingham County.

11.     The current supply of ambulance services that provide "inter facility transfer" is inadequate to meet the demand within Effingham County and, as a consequence, lives are jeopardized.

12.     For example, on August 15, 2018, Lakeside received a dispatch call from St. Anthony's at 6:28 p.m. to transport a patient from St. Anthony's to another medical facility in Springfield, Illinois.

13.     The patient was suffering from a STAT heart attack and need for inter facility transfer was urgent.

14.     The only other available ambulance was more than five (5) hours away. Lakeside took the call, arrived at St. Anthony's in thirty-one (31) minutes and successfully transported the patient to Springfield, Illinois.

15.     If Lakeside was not available to provide that inter facility transfer on August 15, then the patient would in all probability have died.

**Lakeside's License**

16.     The State of Illinois is responsible for licensing and regulating ambulances and ambulance service providers in Illinois.

17.     The State of Illinois has enacted the Emergency Medical Services (EMS) Act (the "EMS Services Act") which is an expansive legislation addressing a wide range of activities and practices associated with public health, health facilities and the regulation thereof.

18.     Within the EMS Services Act, the legislature has empowered the Department of Public Health (the "Department") with the responsibility of licensing and regulating ambulance service providers. 210 ILCS 50/3.85.

19.     Lakeside's vehicle has complied with and passed the inspection required by Illinois statute and performed by the Illinois Department of Public Health.

20.     The Department of Public Health has placed no restrictions on where Lakeside can provide ambulance services.

21.     Lakeside began operation on July 16, 2018.  Its operations in Effingham County consist only of inter facility transfers.

22.     Lakeside has its sole base of operations in Sigel, Shelby County, Illinois.

23.     Lakeside has never engaged in "emergency ambulance service" within the County of Effingham as that term is defined in Ordinance 17-76.

## Ordinance Background

24.     On September 18, 2017, the Effingham County Board enacted Effingham County Ordinance Number 17-76 entitled, "Effingham County Ground Ambulance Service Ordinance Amending Ordinance 14-93."

25.     The Effingham County Ground Ambulance Service Ordinance states in pertinent part:

> Any Ambulance Service establishing a physical base of operation within Effingham County or, providing routine service of Transfers from Acute care facilities or as an Emergency Ambulance Services within the County, shall acquire a letter of authorization from the County Board, signed by not less than three Board Members.
>
> a.     The County Board may limit the number of authorization letters it issues with regards to this ordinance;
>
> b.     The County Board may withdraw the letter of authorization letters it issues with regards to this ordinance; and
>
> c.     This letter may be revoked by a majority vote of the County Board.

26.     A "letter of authorization" is the equivalent of a license.

27.     The Effingham County Ground Ambulance Service Ordinance also requires in pertinent part:

> That no person or entity, other than the contractor ("Mission Care of Illinois") and ambulance services having a mutual aid agreement with the contractor, shall operate or cause to be operated a vehicle for emergency ground ambulance purposes, nor furnish, conduct, maintain, advertise, or otherwise be engaged in the business of service of the emergency transportation of patients within the County of Effingham.

28.     The Effingham County Ground Ambulance Service Ordinance provided Mission Care of Illinois, LLC, d/b/a Abbott EMS ("Abbott") with the exclusive right to provide "emergency ambulance services" within the County as that phrase is defined by the Ordinance.

29.     Defendants never performed any studies or analysis as to the need for or supply of ambulance services within the County.

30.     The Ordinance was passed over public objection that Abbott would not be able to adequately provide ambulance services to Effingham County.

31.     Ordinance 17-76 attempts to license who can provide "inter facility transfers" into and out of the County.

32.     The defendants have no authority to license or regulate Lakeside or any ambulance service with respect to inter facility transfers.  55 ILCS 5/5-1085.

**Lakeside's Attempt To Obtain Authorization**

33.     The internal subsections of subsection 7 of the Ordinance purport to give the Board of Effingham County unspecified and unilateral discretion to limit, withdraw, issue or revoke "letters of authorization" without any criteria or guidance.

34.     Lakeside has asked Niemann and the Effingham County Board in person and in writing to provide Lakeside with a letter of authorization.

35.     Lakeside has also asked for an explanation as to why the Effingham County Board has refused to provide Lakeside with a letter of authorization.

36.     The Effingham County Board has told Lakeside that it will not issue a letter of authorization to Lakeside.

37.     Defendants have never claimed that Lakeside's performance is substandard or unsafe in any respect.

38.     Recently, the County represented in Illinois Circuit Court that the reason the County is prosecuting Lakeside is: "But what really got the County Board worked up was the fact that there was essentially a gorilla marketing type campaign where Lakeside was leaving their literature all over the hospital."

### Effingham's Enforcement Of The Ordinance

39.     The Defendants have accused Lakeside of being in violation of Ordinance No. 17-76, specifically with respect to its failure to obtain a "letter of authorization" pursuant to subparagraph 7 of the Ordinance.

40.     Niemann, as Effingham County Board Chairman, sent Lakeside a cease and desist letter on July 2, 2018, demanding that Lakeside cease operations within Effingham County.

41.     On July 20, 2018, the County filed a Complaint and a Motion for Emergency Temporary Injunctive Relief, seeking an order enjoining Lakeside from operating its business within Effingham County. That matter is presently pending in the Fourth Judicial Circuit of Illinois before the Honorable James Eder, Effingham Co. Case No. 2018-CH-30 (the "State Action").

42.     On August 23, 2018, Judge Eder denied the County's Motion for Emergency Temporary Injunctive Relief.

43.     The Defendants continue to prosecute the State Action.

44.     Defendants' efforts to enforce the Ordinance against Lakeside, along with the negative publicity related to the same, have caused significant harm to Lakeside, and has put the viability of Lakeside's business at risk.

## Effingham County's Alleged Interest

45.     Defendants do not have a legitimate, non-discriminatory, non-arbitrary explanation for their conduct.

46.     The County alleged in the State action that it might be sued by Abbott if it "fails to enforce its own ambulance service ordinance."

47.     However, the County is immune from claims that it has failed to enforce its own ordinance. 745 ILCS 10/2-103.

48.     In addition, the contract between the County and Abbott concerns only "emergency ambulance service." It does not concern "inter facility transfer."

49.     Lakeside provides no "emergency ambulance services" and Defendants have never accused Lakeside of performing "emergency ambulance service."

50.     For the past several years and currently, several other ambulance companies have routinely provided inter facility transfers into and out of Effingham County. Those companies include RuralMed EMS, Mitchell Jerden's Ambulance Mattoon, Dunn's Ambulance Mattoon, Bond County Ambulance, Casey Ambulance, Clay County EMS, United Lifecare Ambulance, Greenup Ambulance, Neoga Ambulance, Toledo Ambulance, Farina EMS, Fayette County EMS, Jasper County EMS, Marion County EMS, Rescue 1, Richland Memorial Ambulance, Decatur Ambulance, Pana Ambulance, Shelbyville EMS, America Ambulance, Medics First Ambulance and Medic One Ambulance.

51.     All told, there are over twenty ambulance services that routinely provide inter facility transfers into and out of Effingham County. None of the ambulance services have obtained a "letter of authorization" from Effingham County Board to provide inter facility transfer services into and out of Effingham County, other than Abbott.

52.     St. Anthony's Medical Center provides patients with a form titled "Post Acute Freedom of Choice," which informs patients of the names of available ambulance services and allows patients to select the ambulance service of their choice.

53.     For Effingham County, the form lists Abbott and RuralMed-EMS.

54.     Defendants have never attempted to enforce the Ordinance against RuralMed-EMS.

55.     The County has also never attempted to prohibit any ambulance service other than Lakeside from providing inter facility transfers in the County.

56.     Lakeside's equipment is state of the art and comparable to the equipment utilized by RuralMed-EMS and the other regional ambulance services.

57.     Lakeside's personnel are highly qualified, experienced and comparable to the personnel employed by Abbott, RuralMed-EMS and the other regional ambulance services.

58.     At the August 23, 2018 hearing on Effingham's Motion for Emergency Temporary Injunctive Relief, Effingham County State's Attorney, Bryan Kibler, claimed that the reason for the Defendants' animus against Lakeside centers on Lakeside's advertising within the County of Effingham and specifically at St. Anthony's Medical Center.

59.     Lakeside's advertising activities are lawful and proper.

60.     The County does not have any ordinance regulating advertising by ambulance services within the County. The County has no right or authority to regulate advertising by ambulance services that are licensed and qualified by the State of Illinois.

**Defendants' True Motivation**

61.     Defendants alleged concern that Abbott will sue the County for failing to enforce the Ordinance is not a rational basis for their actions against Lakeside.

62.     Defendants stated concern that Lakeside is engaged in improper advertising activities is not a rational basis for their actions against Lakeside.

63.     Instead, Defendants attempt to enforce the Ordinance solely for the benefit of Defendant James Niemann and his relatives.

64.     Joe Thies and Chris Thies are James Niemann's cousins. Larry Thies is also a relative of James Niemann.

65.     Before the County awarded Abbott the exclusive contract, Joe Thies was working for Abbott. Shortly after Abbott received the exclusive contract, Joe Thies received a promotion from Abbott to "Supervisor."

66.     Before the County awarded Abbott the exclusive contract, Chris Thies worked as a police officer. Shortly after Abbott received the exclusive contract, Chris Thies accepted employment with Abbott.

67.     Larry Thies also works for a company owned by Abbott.

68.     Defendant Niemann has used his influence with St. Anthony's Medical Center to prevent Lakeside from providing ambulance services into and out of St. Anthony's Medical Center.

69.     Defendant Niemann has actively solicited the ambulance services of Abbott to other municipalities.

70.     Defendants' conduct was objectively unreasonable and undertaken willfully and with reckless disregard for Plaintiff's constitutional rights.

71.    At all times relevant hereto, each Defendant was acting under the color of state law.

## COUNT I - ACTION UNDER 42 U.S.C § 1983 FOR
## PROCEDURAL DUE PROCESS VIOLATION

72.    Lakeside adopts and incorporates paragraphs 1 through 71 as though fully set forth herein.

73.    Lakeside has a protected property interest in its licenses and equipment.

74.    Lakeside has a legitimate claim to entitlement in its licenses and equipment.

75.    Defendants' discriminatory enforcement of the Ordinance and communications with St. Anthony's Medical Center have deprived Lakeside of its protectable property interests.

76.    Defendants' conduct significantly hinders Lakeside's property interests.

77.    Defendants' conduct erroneously prevents safe and effective ambulance companies, who are duly licensed by the State of Illinois, from serving patients in Effingham County.

78.    The County has no interest in arbitrarily preventing safe and effective ambulance companies from serving patients in Effingham County.

79.    Defendants' conduct has greatly and irreparably damaged Lakeside and will continue to damage Lakeside unless enjoined by the Court such that Lakeside is without an adequate remedy at law.

## COUNT II - ACTION UNDER 42 U.S.C § 1983 FOR
## UNCONSTITUTIONAL REGULATORY TAKING

80.    Lakeside adopts and incorporates paragraphs 1 through 71 as though fully set forth herein.

81.    Lakeside has a legitimate claim of entitlement to its licenses and property.

82.     Defendants' have instituted a scheme that prohibits Lakeside from making use of its property.

83.     Defendants' conduct has destroyed the value and utility of Lakeside's equipment and the licenses that Lakeside has received from the State of Illinois.

84.     Defendants' conduct has a severe economic impact of Lakeside.

85.     Defendants' conduct significantly interferes with Lakeside's reasonable investment-backed expectations.

86.     Defendants' conduct constitutes a regulatory taking without due compensation.

87.     Defendants' conduct has greatly and irreparably damaged Lakeside and will continue to damage Lakeside unless enjoined by the Court such that Lakeside is without an adequate remedy at law.

## COUNT III - ACTION UNDER 42 U.S.C § 1983 FOR EQUAL PROTECTION VIOLATION

88.     Lakeside adopts and incorporates paragraphs 1 through 71 as though fully set forth herein.

89.     The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall…deny to any persons with its jurisdiction the equal protection of the laws."

90.     Lakeside has been intentionally treated differently from other similarly situated ambulance services with no rational basis for the difference in treatment.

91.     Defendants' discriminatory enforcement of the Ordinance and communications with St. Anthony's Medical Center have deprived Lakeside of its protectable property interests.

92.     Defendants' conduct significantly hinders Lakeside's property interests.

93.    Defendants' conduct has greatly and irreparably damaged Lakeside and will continue to damage Lakeside unless enjoined by the Court such that Lakeside is without an adequate remedy at law.

WHEREFORE, Lakeside EMS, LLC respectfully requests that the Court:

1. Grant Lakeside its actual damages in an amount to be determined at trial;

2. Grant Lakeside punitive damages against the individual named Defendants;

3. Enter an injunction preventing Defendants from enforcing the Ordinance as against Lakeside;

4. Alternatively, enter an injunction ordering Effingham to issue a Certificate of Authorization to Lakeside; and

5. Award Lakeside its reasonable attorneys' fees incurred in bringing this suit.

Dated: October 9, 2018                          Respectfully submitted,


                                                LAKESIDE EMS, LLC



                                                By:__s/ Charles L. Philbrick_____
                                                      One of its attorneys

Charles L. Philbrick
David P. Hollander
RATHJE WOODWARD LLC
300 East Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone: (630) 668-8500
Facsimile:  (630) 510-4931
Email: cphilbrick@rathjewoodward.com
        dhollander@rathjewoodward.com