IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAKESIDE EMS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF EFFINGHAM, ILLINOIS, and JAMES NIEMANN,<br><br>          Defendants. | Case No. 3:18-CV-1853-NJR-RJD |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss filed by Defendants County of Effingham, Illinois ("Effingham County"), and James Niemann. Defendants ask the Court to dismiss or stay this case on abstention grounds or, alternatively, to dismiss it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 18). For the reasons set forth below, the Court dismisses this action on the grounds of abstention.

### BACKGROUND

Lakeside EMS, LLC, ("Lakeside") is an ambulance service provider based in Shelby County, Illinois, that provides inter-facility transfer of hospital patients in and out of Effingham County (Doc. 1 at ¶¶ 10, 21-23). Lakeside is licensed by the Illinois Department of Public Health, which has placed no restrictions on where Lakeside can provide ambulance services (*Id.* at ¶ 8, 20).

On September 18, 2017, the Effingham County Board, with Defendant James

Niemann as its Chairman, enacted Effingham County Ordinance Number 17-76 entitled, "Effingham County Ground Ambulance Service Ordinance Amending Ordinance 14-93" ("the Ordinance") (*Id.* at ¶ 24). The Ordinance requires any ambulance service with a physical base of operation in Effingham County or that provides "routine service of Transfers from acute care facilities or as an Emergency Ambulance Services within the County" to "acquire a letter of authorization from the County Board, signed by not less than three Board Members." (*Id.* at ¶ 25).

The Ordinance permits the County Board to limit the number of authorization letters it issues, withdraw any letter of authorization it issues, or revoke any letter of authorization by a majority vote of the County Board (*Id.*).

The Ordinance further provides:

> That no person or entity, other than the contractor ("Mission Care of Illinois") and ambulance services having a mutual aid agreement with the contractor, shall operate or cause to be operated a vehicle for emergency ground ambulance purposes, nor furnish, conduct, maintain, advertise, or otherwise be engaged in the business of service of the emergency transportation of patients within the County of Effingham.

(*Id.* at ¶ 27). Under this provision, Lakeside alleges, the Ordinance gives Mission Care of Illinois, LLC, d/b/a Abbott EMS ("Abbott"), the exclusive right to provide "emergency ambulance services" in Effingham County (*Id.* at ¶ 28). Lakeside has asked Niemann and the Effingham County Board for a letter of authorization, but the request has been denied without explanation (*Id.* at ¶¶ 34-36).

On July 2, 2018, Niemann sent Lakeside a cease and desist letter demanding that it cease operations within Effingham County (*Id.* at ¶ 40). On July 20, 2018, the County

filed a complaint and motion for injunctive relief in the Fourth Judicial Circuit of Illinois seeking an order enjoining Lakeside from operating within Effingham County (*Id.* at ¶ 41). Effingham County's motion for injunctive relief was denied, but the state court action remains pending (*Id.* at ¶¶ 42-43).

Less than three months after the County filed the state court action seeking to stop Lakeside from operating in Effingham County, Lakeside filed the Complaint in this case pursuant to 42 U.S.C. § 1983 (Doc. 1). Lakeside alleges that the Ordinance purports to regulate intra-facility ambulance transfers but is actually intended to ensure fruitful employment for Defendant Niemann and his family members who are employed by Abbott (*Id.* at ¶¶ 64-67). And, while there are more than twenty ambulance services that routinely provide inter-facility transfers in and out of Effingham County, none of which have obtained a "letter of authorization" from Effingham County (other than Abbott), Lakeside is the only ambulance service that has been targeted by Effingham County (*Id.* at ¶¶ 51-55).

Furthermore, Lakeside claims, Defendants have no legitimate, non-discriminatory, non-arbitrary purpose for enforcing the Ordinance against it. For example, at an August 23, 2018 hearing on Effingham's motion for injunctive relief in state court, Effingham County State's Attorney, Bryan Kibler, claimed that the reason for enforcing the Ordinance against Lakeside centers on Lakeside's advertising within the County of Effingham and specifically at St. Anthony's Medical Center (*Id.* at ¶ 58). The County does not have an ordinance regulating advertising by ambulance services within the County, however, and improper advertising activities is not a rational basis for

enforcing the Ordinance against Lakeside (*Id.* at ¶ 60).

Based on these facts, Lakeside claims that Defendants violated its procedural due process rights (Count I), that Defendants' conduct constitutes an unconstitutional regulatory taking (Count II), and that Defendants violated the Equal Protection Clause of the Fourteenth Amendment (Count III).

Defendants have now moved to dismiss the case on several grounds (Doc. 18). First, Defendants assert the *Younger* abstention doctrine applies. *See Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, Defendants assert the *Pullman* abstention doctrine applies. *See Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). Finally, Defendants assert non-abstention grounds for dismissing the case including improper claim splitting and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## Discussion

### *Younger* Abstention

The *Younger* abstention doctrine "reflects a concern that federal interference with certain types of important state proceedings is unwise and unnecessary in a system of dual sovereigns, . . . and it requires that federal courts dismiss such cases rather than intervene in state affairs." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). It applies only where federal jurisdiction would intrude into ongoing state criminal proceedings or particular civil proceedings that are akin to criminal prosecutions, or into civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.*

(quoting *Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).

When the state proceeding is civil, "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Exceptional circumstances include when "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Id.* at 664. The Supreme Court has cautioned that cases falling within the *Younger* doctrine are "exceptional"; federal courts typically should not refuse to decide a case "in deference to the States." *Sprint Commc'ns, Inc.*, 571 U.S. at 73.

Here, there is no dispute that the state court proceedings are judicial in nature. The Court further finds that an important state interest is at stake. Lakeside disagrees, arguing that the Ordinance does not set forth any safety standards, Lakeside is licensed and has passed all inspections, and Defendants have never alleged Lakeside's performance is substandard or unsafe. But the regulation of ambulance services is an important matter of state concern, and the State of Illinois has an inherent interest in interpreting its laws and ensuring they are uniformly applied by local governments. As noted by Defendants, Illinois has a strong interest in resolving what is "an essentially local problem." *See Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007) (*Younger* abstention is

appropriate "when there is an action in state court against the federal plaintiff and the state is seeking to enforce the contested law in that proceeding.").

Furthermore, Lakeside has had an adequate opportunity to raise its constitutional claims in state court. Lakeside does not dispute that fact; instead, it asserts it chose not to raise its claims there because it faces an "inherent risk of bias in litigating against Effingham in the Effingham County courts, before a jury made up Defendant Niemann's constituents." (Doc. 19 at p. 10). But Lakeside provides no factual allegations to support that assertion and no case law indicating this is a valid reason not to proceed with its claims in state court.

Finally, Lakeside has failed to demonstrate any exceptional circumstances that would make abstention inappropriate. First, Lakeside argues that the state court proceeding must be motivated by bad faith or a desire to harass because it is the only company to be prosecuted out of the twenty companies operating in Effingham County without a letter of authorization, and Effingham's motion for injunctive relief was unsuccessful. The Seventh Circuit has held, however, that instituting even multiple prosecutions—on its own—does not establish bad faith or harassment. *Collins v. Kendall Cty., Ill.*, 807 F.2d 95, 99 (7th Cir. 1986). And, while Effingham County's motion for preliminary injunction was denied, the case remains pending in state court.

Furthermore, Lakeside has not shown that the state court case "was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Id.* at 98 (citation omitted). Lakeside points to its allegations that Defendants are enforcing the ordinance solely for the benefit of Niemann's family, that

Niemann has used his influence with St. Anthony's Medical Center to prevent Lakeside from providing ambulance services to the hospital, that their conduct was willful, and that Lakeside has been intentionally treated differently from similarly situated ambulance services as creating an inference of bad faith. But none of these allegations, even when taken together, demonstrate that Effingham County filed suit in state court as retaliation or to deter Lakeside from exercising its constitutional rights.

Lakeside also argues that the Court should not abstain because "there is an extraordinarily pressing need for immediate equitable relief[.]" According to Lakeside, there is a serious need to protect hospital patients around Effingham, and lives will be at risk if the supply of ambulances is inadequate to meet the demand. The Court notes, however, that while Lakeside has requested equitable relief in its Complaint, it has not filed a motion for preliminary injunction or other request for *immediate* equitable relief. Furthermore, as Lakeside has made the Court aware, there are twenty other ambulance companies operating in Effingham County that can assist these patients. Thus, the Court finds this argument disingenuous.

Having found that abstention is appropriate under *Younger* and that no exception applies, the Court need not address the remainder of Defendants' motion. The only remaining question is whether to stay the case pending the outcome of the state court case or dismiss it outright. A stay is appropriate when a plaintiff is foreclosed from bringing its damages claims in the state proceeding. *Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002). Where the damages claims could have been brought in state court, however, dismissal is warranted. *Id.* Here, Lakeside could have brought its claims for

damages in state court; therefore, its claims will be dismissed.

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Defendants County of Effingham, Illinois, and James Niemann (Doc. 18) is **GRANTED in part**. The Court abstains from this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and the Complaint is **DISMISSED without prejudice**. Plaintiff may refile the Complaint, if appropriate, once the state court case has concluded.

**IT IS SO ORDERED.**

DATED:   September 11, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**